**Houman MONTAZER, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–70670.
Agency No. A70–184–609.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Neda A. Zaman, Esq., Los Angeles, CA, for Petitioner.

Houman Varzandeh, Law Offices of Zaman & Varzandeh, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Allen W. Hausman, Attorney,

Paul Fiorino, Esq., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Houman Montazer, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") order denying his applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). Reviewing for substantial evidence, *see Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003), we deny the petition.

■ Montazer first challenges the IJ's partial adverse credibility determination. The BIA, however, did not address Montazer's credibility. Where the BIA is silent as to credibility, but has fully explained the rationale behind its decision, we assume that the BIA found the applicant to be credible, and review the BIA's decision. *Maldonado–Cruz v. INS,* 883 F.2d 788, 792 (9th Cir.1989).

■ Montazer next challenges the BIA's conclusion that he did not establish his father's political opinion would be imputed to him, and he would be persecuted on that ground, were he to return to Iran. While past persecution of family members can be evidence of possible imputed political opinion, there must be "a relationship . . . between the persecution of family

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

members and the situation of the applicant." *Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997). Here, beyond Montazer's own subjective assertions, there is insufficient objective evidence in the record to suggest that the Iranian government has imputed or will impute his father's political opinion to him. Montazer thus did not meet his burden of providing "credible, direct, and specific evidence" to support a reasonable fear of future persecution. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). Accordingly, Montazer failed to establish eligibility for asylum or withholding of deportation. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

■ Montazer has waived any challenge to the denial of his application for relief under the CAT by not raising it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996). Any challenge to the BIA's conclusion that Montazer is ineligible for any relief based on his experiences in Germany is likewise waived. *Id.*

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Montazer's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.